ALEXANDER BROADFOOT *v.* ROBERT M. FRASER.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed September 5, 1901.

*Partnership—Presumption of equality*—Although the members of a
partnership contribute unequal sums of money to the capital of
the firm, still, in the absence of any agreement to the contrary, the
presumption is that the profits are to be divided equally and not
in proportion to their respective contributions to the capital.

BILL IN CHANCERY for the dissolution of a partnership,
for an accounting, and for a division of the partnership prop-
erty. Heard on bill, answer, master's report, and a report of
a receiver, Washington County, March Term, 1901, *Watson,*
Chancellor. The only question made was as to the division of
profits. The court held that the orator and the defendant were
equal partners and decreed accordingly. The defendant
appealed.

*Lord & Carleton* for the orator.

*John G. Wing* for the defendant.

STAFFORD, J. Broadfoot and Fraser had been partners
in the granite business for a number of years. Then a receiver
was appointed who wound up the affairs of the concern, dis-
charged its liabilities and brought into court a fund of undi-
vided profits, which Broadfoot claimed should be divided
equally, but which Fraser claimed should be divided in the
proportions of 12-19 to him and 7-19 to Broadfoot, on the
ground that he had contributed to the capital $1,200 as against
Broadfoot's $700. They contributed $700 each, to begin with,
but afterwards Fraser put in $500 more, and still later each
drew out what he had put in, Broadfoot $700 and Fraser
$1,200. If the $500 was not a loan, as Broadfoot understood

it, but a contribution to the capital as Fraser claimed and as we treat it for the purposes of this appeal, it does not follow, as Fraser argues, that the profits are to be divided upon the basis of the respective money contributions, for each partner also contributed his individual credit and services, and in the absence of any different agreement between partners the presumption is that the profits are to be divided equally and not in proportion to their respective contributions to the capital. Lindley on Partnership, star pages 348, 349; *Paul* v. *Cullum,* 132 U. S. 539; *Peacock* v. *Peacock,* 16 Vesey, 49; same case, 19 Eng. Rul. Cas. 549, with notes collecting the authorities both English and American. In the present case nothing is found to rebut the presumption.

*Decree affirmed and cause remanded.*